IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHEYLA ACEVEDO,

On behalf of herself and all others similarly situated;

      Plaintiff(s),

LAURA BRAGG,

On behalf of herself and all others similarly situated;

      Plaintiff(s),

JAMIEE HARRISON,

On behalf of herself and all others similarly situated;

      Plaintiff(s),

v.

C&H PRECISION WEAPONS, LLC,

AND

DOT OPS INC.

AND

MICHAEL B. HOLLY,

AND

BEAU BUCHANAN HOLLY,

      Defendants.

Case No.: _____

**PLAINTIFFS' INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

 Now comes Plaintiffs Sheyla Acevedo, Laura Bragg, and Jamiee Harrison, by and through counsel, on behalf of themselves and all others similarly situated who opt into this action

(hereinafter the "FLSA Collective"), and for their Complaint against Defendants C&H Precision Weapons, LLC; Dot Ops, Inc.; Michael B. Holly; and Beau Buchanan Holly (collectively "Defendants") state and allege the following:

## PRELIMINARY STATEMENT

1. This is a challenge to Defendants' unlawful policies and practice(s) of: (1) not paying overtime to hourly-paid employees; (2) for only paying straight time to hourly-paid employees, and (3) for misclassifying employees. In sum, Defendants simply have not paid Plaintiffs and other similarly situated employees properly under federal law.

2. Plaintiffs bring this "collective action" lawsuit on behalf of the FLSA Collective as a result of Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 by virtue of Defendants' practice, policy and procedure of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of, the events or omissions giving rise to Plaintiffs' claims occurred within this Court's jurisdiction.

## THE PARTIES

5. At all times relevant, Plaintiff Sheyla Acevedo was a citizen of the United States and a resident of Liberty County, Georgia.

6. At all times relevant, Plaintiff Laura Bragg was a citizen of the United States and a resident of Bryan County, Georgia.

7. At all times relevant, Plaintiff Jamie Harrison was a citizen of the United States and a resident of Bryan County, Georgia.

8. At all times relevant herein, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

9. At all times relevant, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Defendant C&H Precision Weapons, LLC is a foreign limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Michael Holly at 459 Edsel Drive, Richmond Hill, Georgia 31324.

11. Defendant Dot Ops, Inc. is a foreign corporation licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Michael Holly at 456 Edsel Drive, Richmond Hill, Georgia 31324.

12. The above-named Defendants (Defendant Companies) are joint employers and have (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control and thus constitute an integrated enterprise, notwithstanding the purported corporate form and are thus jointly liable.

13. Defendant Michael B. Holly is a member of all of the above-referenced Defendant Companies and at all times relevant herein was a resident of the State of Georgia.

14. Defendant Beau Buchanan Holly was a manager for the above-referenced Defendant Companies and at all times relevant herein was a resident of the State of Georgia.

15. Upon information and belief, at all times relevant herein, Defendants Beau Buchanan Holly and/or Michael B. Holly exercised daily operational control over the business

operations of the Defendant Companies, including, but not limited to exercising control and discretion regarding employment decisions, scheduling employees for work, establishing and managing payroll policies and procedures involving overtime pay, establishing rates of compensation for individual employees, controlling expenditures of Defendant Companies funds, and issuing payroll to employees.

16. At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d). Defendants are subject to the FLSA, 29 U.S.C. §204 and §207.

17. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r) and were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and Defendants obtain and solicit funds from non-Georgia sources, accept funds from non-Georgia sources, use telephonic transmissions going over state lines to do its business, transmits funds outside the State of Georgia, and otherwise regularly engages in interstate commerce.

18. The annual gross revenue of the Defendants are at all times material hereto in excess of $500.000.00 per annum, and/or Plaintiffs, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

19. In performing their duties for Defendants, Plaintiffs used goods and products that had been moved or produced in interstate commerce.

20. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTS

21. Defendants design and manufacture precision machined optic adapter plates for use in professional shooting.

**Plaintiff Bragg**:

22. Plaintiff Bragg was a production assistant with Defendant C&H Precision Weapons, LLC and was hired on or about June 15, 2020.

23. In this capacity, Plaintiff Bragg engaged primarily in the manufacture and production of adapter plates, including assembling (cutting parts, buffing parts, etc.), inventorying, customer service, packaging, and shipping adapter plates to fill customer orders.

24. From June 15, 2020 through December 26, 2020, Plaintiff Bragg was a nonexempt employee and paid on an hourly basis, not a weekly salary basis. During this period, Plaintiff Bragg regularly worked over forty (40) hours per week and frequently was not compensated straight time or the overtime premium for hours worked over forty (40) hours in a week.

25. On pay date July 3, 2020, Plaintiff Bragg was paid $11.50 per hour and paid no more than $460.00 per week irrespective of the number of hours that she actually worked, based on forty (40) hours per week at a rate of $11.50 per hour.

26. From pay date July 10, 2020 to August 21, 2020, Plaintiff Bragg was paid $13.00 per hour and no more than $520.00 per week irrespective of the number of hours that she actually worked, based on forty (40) hours per week at a rate of $13.00 per hour.

27. On pay date August 28, 2020, Plaintiff Bragg was paid only straight time hours and not paid the overtime premium for hours worked from August 15, 2020 to August 21, 2020.

28. From pay date September 3, 2020 to pay date September 18, 2020, Plaintiff Bragg was paid $13.00 per hour and no more than $520.00 per week irrespective of the number of hours that she actually worked, based on forty (40) hours per week at a rate of $13.00 per hour.

29. From pay date September 25, 2020 to pay date November 27, 2020, Plaintiff Bragg was paid $14.50 per hour and no more than $580.00 per week irrespective of the number of hours she actually worked, based on forty (40) hours per week at a rate of $14.50 per hour.

30. After Defendants obtained a time clock and were able to track the hours worked by Plaintiffs, they only paid straight time and did not pay the overtime premium for hours over 40.

31. From pay date December 11, 2020 to pay date December 24, 2020, Plaintiff Bragg was paid only straight time hours and not paid the overtime premium for the hours she worked over forty (40) hours from November 28, 2020 to December 18, 2020.

32. On December 26, 2020, Plaintiff Bragg was misclassified as salaried exempt under the FLSA and Defendant C&H Precision Weapons, LLC began to pay Plaintiff Bragg a salary based on 40 hours per week by an hourly rate of $15.00 per hour.

33. Plaintiff Bragg was paid a salary of $600.00 per week, based on 40 hours per week by an hourly rate of $15.00 per hour from pay date January 8, 2021 to pay date April 30, 2021.

34. During this period from pay date January 8, 2021 to pay date April 30, 2021, Plaintiff Bragg regularly worked over forty (40) hours per week and was not compensated the overtime premium for hours worked over forty (40) hours in a week.

35. Beginning on or about March 16, 2021, after its formation which was indicated to be March 16, 2021 on the Georgia Secretary of State's website, Plaintiff Bragg began to be paid by Defendant Dot Ops Inc. and Plaintiff Bragg's last day worked was April 24, 2021.

**Plaintiff Acevedo**:

36. Plaintiff Acevedo was a production assistant with Defendant C&H Precision Weapons, LLC and was hired on or about September 12, 2020.

37. In this capacity, Plaintiff Acevedo engaged primarily in the manufacture and production of adapter plates, plucking and buffing adapter plates, measuring and testing the adapter plates to fit, as well as counting, sorting, and preparing the adapter plates for shipping and creating shipping labels and assisting in the shipping and filling of customer orders.

38. From September 12, 2020 through December 26, 2020, Plaintiff Acevedo was a nonexempt employee and paid on an hourly basis, not a weekly salary basis. During this period, Plaintiff Acevedo regularly worked over forty (40) hours per week and was not compensated for hours worked over forty (40) hours in a week.

39. From pay date September 25, 2020 through pay date November 13, 2020, Plaintiff Acevedo was paid $13.00 per hour and no more than $520.00 per week irrespective of the number of hours she worked, based on forty (40) hours per week at a rate of $13.00 per hour.

40. On pay date November 20, 2020, Plaintiff Acevedo was paid only straight time and not the overtime premium for hours worked from November 7, 2020 to November 13, 2020.

41. On pay date November 27, 2020, Plaintiff Acevedo was paid $13.00 per hour and no more than $520.00 per week irrespective of the number of hours that she actually worked.

42. On pay date December 4, 2020, Plaintiff Acevedo was paid straight time for the 16 hours that she worked that pay period from November 21, 2020 to November 27, 2020.

43. On pay date December 11, 2020, Plaintiff Acevedo was paid $13.00 per hour and no more than $520.00 per week irrespective of the number of hours that she actually worked.

44. From pay date December 11, 2020 to pay date December 31, 2020, Plaintiff Acevedo was paid only straight time hours and not paid the overtime premium for hours worked from November 28, 2020 to December 25, 2020.

45. On December 26, 2020, Defendant C&H Precision Weapons, LLC began to pay Plaintiff Acevedo a salary based on 40 hours per week by an hourly rate of $14.50 per hour.

46. Plaintiff Acevedo was misclassified as salaried exempt under the FLSA from pay date January 8, 2021 through pay date February 19, 2021.

47. During this period from pay date January 8, 2021 through pay date February 19, 2021, Plaintiff Acevedo regularly worked over forty (40) hours per week and was not compensated the overtime premium for hours worked over forty (40) hours in a week.

48. From pay date February 26, 2021 to pay date March 26, 2021, Plaintiff Acevedo was paid only straight time hours and not paid the overtime premium for hours worked from February 13, 2021 to March 19, 2021.

49. Beginning on or about March 16, 2021, after its formation which was indicated to be that date on the Georgia Secretary of State's website, Plaintiff Acevedo began to be paid by Defendant Dot Ops Inc. and Plaintiff Acevedo's last day worked was April 24, 2021.

50. Up until the time Defendants started using the time clock to track hours worked, Plaintiff Acevedo is due time and a half for approximately five (5) hours per week, as Plaintiff Acevedo regularly arrived thirty (30) minutes early and left thirty (30) minutes late daily.

51. Even after Defendants used the time clock, Defendants edited Plaintiff Acevedo's time, resulting in Plaintiff Acevedo not being properly paid for all hours worked.

**Plaintiff Harrison**:

52. Plaintiff Harrison was labeled by Defendants as a "customer service manager" with Defendant C&H Precision Weapons, LLC and was hired on or about July 25, 2020.

53. In this capacity, Plaintiff Harrison engaged primarily in responding to inbound and outbound customer contacts, listening to customers and assisting to resolve customer issues, including processing customer claims according to required scripts, policies, and procedures. In addition to customer service tasks, Plaintiff Harrison additionally entered data into the computer system and documented and processed customer orders and packaged orders for shipment.

54. Immediately upon hire, on July 25, 2020, Plaintiff Harrison was paid a fixed salary of $600.00 per week based on forty (40) hours per week by an hourly rate of $15.00 per hour, irrespective of the number of hours that she actually worked.

55. Plaintiff Harrison's last pay period with Defendant C&H Precision Weapons, LLC was November 13, 2020.

56. Plaintiff Harrison was misclassified as salaried exempt under the FLSA her entire time working for Defendants, except Defendant Dot Ops Inc. (which had not been formed).

57. From July 25, 2020 through November 13, 2020, Plaintiff Harrison regularly worked over forty (40) hours per week and was not compensated for hours worked over forty (40) hours in a week, including consistently and regularly working from home responding to customers and communicating those customer issues to Defendants.

58. Defendants were aware that Plaintiff Harrison was working over forty (40) hours in a week, "suffer[ed] or ... permit[ted]" her to work these hours, and failed to compensate Plaintiff Harrison for hours worked, all in violation of the FLSA. 29 U.S.C. § 203(g).

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

60. Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated who have been, are being, and/or will be adversely affected by Defendants' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

61. The payroll practices set forth *above* and *below*, were widespread and resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219, including Defendants' unlawful policies and practice(s) of: (1) paying only forty (40) hours per week irrespective of the number of hours actually worked by employees; (2) paying employees straight time for hours over forty (40) instead of the overtime premium of 1 ½ the regular rate of pay; and (3) paying employees a salary after misclassifying employees as exempt and not properly paying wages for hours worked over forty (40) hours in a week.

**Defendants' Policy and Practice One (1) Applicable to the Class**: not paying wages (*straight time or overtime*) to hourly employees for hours worked over forty (40) hours per week.

62. During a time period beginning at least three (3) years ago, Defendants had no time clock and no accurate method of recording hours worked despite the FLSA's requirement that all the daily starting and stopping times of individual employees be kept by employers. 29 U.S.C. §211(c); and 29 C.F.R. pt. 516.

63. For a large part of this time period, employees were not paid by Defendants either straight time or the overtime premium for hours worked over forty (40) hours per week, but were paid based on forty (40) hours at an hourly rate per hour, irrespective of the actual hours worked during each week, including Plaintiff Acevedo and Plaintiff Bragg.

**Defendants' Policy and Practice Two (2) Applicable to the Class**: only paying straight time and no overtime premium to hourly employees for all hours worked.

64. During a time period beginning at least three (3) years ago, Defendants paid employees straight time for hours worked over forty (40) hours in a week but did not pay the overtime premium of ½ time for hours worked, including Plaintiff Acevedo and Plaintiff Bragg.

**Defendants' Policy and Practice Three (3) Applicable to the Class**: misclassifying hourly employees as salary exempt under the FLSA.

65. During a time period beginning at least three (3) years ago, Defendants paid some employees salary, after misclassifying them as salary exempt under the FLSA, including Plaintiff Bragg, Plaintiff Acevedo, and Plaintiff Harrison.

66. The class that Plaintiffs seek to represent, and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, are comprised of and defined as:

> All employees who worked for Defendants during the three (3) years immediately preceding the date of the filing of this Complaint and were: (1) paid only forty (40) hours per week irrespective of the number of hours actually worked; (2) paid straight time for hours over forty (40) instead of the overtime premium of 1 ½ the regular rate of pay; or (3) paid salary after having been misclassified as exempt and not properly paid wages for hours worked over forty (40) hours in a week.

67. Plaintiffs are unable to state at this time the exact size of the potential class but, upon information and belief, aver that it consists of between seven (7) and ten (10) persons.

68. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

69. In addition to Plaintiffs, numerous former employees are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages. Plaintiffs are

representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

70. These similarly situated employees, who are known to Defendants and are easily identifiable through Defendants' payroll records, may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**COUNT I - FAIR LABOR STANDARDS ACT**
**(FLSA Violations – Individually and as FLSA Collective)**

71. Plaintiffs reaver, reallege, and incorporate herein each and every averment and allegation of this Complaint as though fully set forth herein verbatim.

72. FLSA requires "non-exempt" employees receive compensation of "not less than one and one-half times" the employees' "regular rate" of pay for all hours worked. 29 U.S.C. § 207(a)(1).

73. Defendants did not pay compensation to Plaintiffs and similarly situated employees at the rate of one and one-half times their regular rate for all of their hours worked.

74. Plaintiffs and similarly situated employees should have been paid wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

75. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures as outlined herein, all in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs and similarly situated employees' wages as required by federal law.

76. By engaging in these practices, Defendants willfully, or recklessly, violated the FLSA and regulations thereunder that have the force of law.

77. The above-described willful, reckless, and systematic violation of the FLSA complained of by Plaintiffs have similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

78. Defendants' unlawful conduct directly and proximately caused Plaintiffs, and all others similarly situated, to suffer damages for which they are entitled to judgment.

79. Defendants' violations have been willful and/or in reckless disregard of Plaintiffs' and similarly situated employees' rights and entitle Plaintiffs and similarly situated employees to liquidated damages.

80. As a result of Defendants' violations of the FLSA, Plaintiffs and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

81. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216 (b). Similarly situated employees' to Plaintiffs are entitled to the same relief that Plaintiffs seek under the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and all those employees similarly situated collectively pray that this Honorable Court:

A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue notice, pursuant to 29 U.S.C. § 216(b), to those individuals to apprise them of this pending action and permit them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.  Find that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.  Find that Defendant Companies are joint employers and jointly liable;

D.  Find that the individual Defendants are liable as they exercised daily operational control over the business operations of the Defendant Companies;

E.  Enter Judgment that Defendants' practices violate the FLSA;

F.  Enter Judgment against Defendants in the amount of Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

G.  Find that Defendants' FLSA violations were willful or in reckless disregard;

H.  Award all similarly situated employees who opt into this action the same relief that Plaintiffs are awarded

I.  Award Plaintiffs and all similarly situated individuals all costs and attorneys' fees incurred in prosecuting this action;

J.  Award prejudgment interest to Plaintiffs and all similarly situated individuals;

K.  Grant leave to add additional plaintiffs by motion, by filing additional consent forms or any other method approved by the Court;

L.  Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted the 20th day of June, 2022.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiffs and Similarly Situated Employees*

7 East Congress Street, Suite 611A
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com